THEODORE SCHMIDT and BERTHA SCHMIDT, respondents,

*v.*

OTTO SCHMIDT et al., respondents; EICHNERS INCOR-
PORATED, appellant.

[Submitted October 29th, 1926. Decided January 31st, 1927.]

A motion in chancery to strike out a counter-claim, and also to
strike from the record the names of defendants brought in on such
counter-claim, based on affidavits denying the truth of the averments
contained in the counter-claim, is addressed to the discretion of the
court and is not subject to review here.

---

On appeal from a decree of the court of chancery.

*Mr. William B. Stiles,* for the appellant.

*Mr. William F. Burke,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

Stripped of all irrelevant matter the question here pre-
sented is as to the legal propriety of the lower court's denial of
a motion to striike out a counter-claim and also to strike out
the name of the appellant, Eichners, Incorporated, upon affi-
davits that appellant had no interest in the suit.

Theodore Schmidt and his wife, Bertha Schmidt, filed a
bill of complaint in chancery to partition real estate, of which
it was alleged they and the defendants named in the bill were
the owners. A decree *pro confesso* was taken, but subse-
quently opened to permit the defendants to file an answer
and counter-claim bringing in the appellant, Eichners, In-
corporated (with others), who the petition for the opening

of the decree and the counter-claim as subsequently filed, set up were in possession of the property and claimed some interest therein. Eichners, Incorporated, was then brought in by subpœna, and, instead of answering it, as well as complainants, moved to dismiss the counter-claim and to strike the names of the new defendants from the record.

These motions were on June 28th, 1926, denied by the court, and leave given to file answers within twenty days from June 14th, 1926. From the order then made the present appeal is taken by Eichners, Incorporated.

It is sought to reverse the decree for the reason that appellant has no interest in the property and is therefore an improper party. This may ultimately turn out to be true, and if so, those who brought appellant into court will pay the penalty for instituting an unjustified suit, but we think the court below acted within its discretionary powers when it refused to strike out the counter-claim and put appellant to an answer.

By chancery rule No. 67, "demurrers, pleas and exceptions to answers are abolished. Any pleading may be objected to, on motion, on the ground that it discloses no cause of action, defense, or counter-claim, respectively.

"On the hearing of such motion, the court, in its discretion may order the application to stand over until the hearing, and if the objection be to the bill or counter-claim, may require the same to be answered on such terms and conditions as may be ordered."

By rule No. 71, "a counter-claim is deemed to be a cross-action, and the rules respecting the form and manner of pleading the bill of complaint and answer, apply respectively to the counter-claim and the answer thereto."

If the motion be regarded as a demurrer, we think the counter-claim discloses a cause of action, and affidavits are not available. As a motion resting on a claim that the pleading was frivolous or sham, its disposition rests in the discretion of the court and is not subject to appeal. *Stanbery* v. *Baker, 55 N. J. Eq. 270.*

The order appealed from is affirmed.

*For reversal*—None.